## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW,**<br>1500 K Street, NW<br>Suite 900<br>Washington, DC 20005<br>(202) 662-8600<br><br>*Plaintiff,*<br><br>v.<br><br>**CONSUMER FINANCIAL PROTECTION BUREAU,**<br>1700 G Street NW<br>Washington, DC 20552<br>(855) 411-2372<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. _____ |

## COMPLAINT

1.      Plaintiff Lawyers' Committee for Civil Rights Under Law (the "Lawyers' Committee") brings this action against the Consumer Financial Protection Bureau (the "CFPB") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## INTRODUCTION

2.      This action is seeking disclosure of records the Lawyers' Committee requested from the CFPB in four FOIA requests submitted in 2018.  The requested records related to (1) the CFPB former Acting Director Mick Mulvaney's reorganization of the CFPB's Office of Fair Lending and Equal Opportunity ("OFLEO") in a manner that stripped it of its power to

enforce lending discrimination rules; (2) former Acting Director Mulvaney's decision to repeal

part of its regulations protecting low-income consumers from predatory payday and auto title

lending practices;(3) former Acting Director Mulvaney's 2018 firing of all 25 members of the

Consumer Advisory Board ("CAB"); and (4) CFPB data related to payday and auto title loans.

The decisions by the CFPB to roll back these anti-discrimination and consumer protections are

particularly harmful to marginalized communities, including African American and Hispanic

communities.  On May 9, 2018, May 14, 2018, June 8, 2018, and October 10, 2018, the

Lawyers' Committee submitted FOIA requests to the CFPB, based on its concern that former

Acting Director Mulvaney was ignoring the risks to marginalized communities to benefit

corporations, including payday and auto title lenders who previously donated a substantial

amount to his congressional campaigns when he was a Member of the House of Representatives.

3.      The OFLEO is a unit within the CFPB charged to "ensure fair, equitable, and

nondiscriminatory access to credit for all consumers."  On February 1, 2018, former Acting

Director Mulvaney moved the OFLEO into the Office of the Director of the CFPB and removed

its authority to bring enforcement actions.  The OFLEO had previously used its enforcement

authority to prevent racial discrimination in consumer lending, including in several instances

where it obtained settlements from lenders alleged to have systematically charged people of

color higher interest rates than non-Hispanic whites.  Overall, the pre-move OFLEO had

obtained over $400 million in remediation to harmed consumers; former Acting Director

Mulvaney indicated that following the move, the OFLEO would focus on "advocacy,

coordination, and education," with no ability to continue to punish bad actors.

4.      Marginalized communities, including communities of color, are most vulnerable

to the unfair and abusive lending practices of payday and vehicle title lenders.  Payday and

vehicle title borrowers are disproportionately members of racial and ethnic minority groups.  *See* Report Reviewing Research on Payday, Vehicle title, and High-Cost Installment Loans, S. I. Guedj at 7-8 (May 14, 2019) *available at* https://www.regulations.gov/document?D=CFPB-2019-0006-27974 (last accessed July 2, 2019) (the "Bates White Report").  For example, while the number of non-Hispanic whites among pay day loan borrowers is 22 percentage points lower than the percentage of non-Hispanic whites in the general population, the percentage of African Americans among pay day loan borrowers is 20 percentage points higher than the percentage of African Americans in the general population.  *See id*. at 8.

5.      The CFPB acknowledged this racial disparity in payday and vehicle title lending when announcing in October 2017 its rule governing Payday, Vehicle Title, and Certain High-Cost Installment Loans (the "Final Rule").  The Final Rule provides critical protections for consumers – particularly people of color.  Now, the CFPB seeks to delay the compliance date of these essential rules while also working to wholly rescind critical provisions of the Final Rule: the mandatory underwriting and record keeping provisions.

6.      The Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank") instructs the CFPB Director to establish a Consumer Advisory Board, with the objective of "advising the Bureau on the CFPB's functions under the Federal consumer financial laws" and "provid[ing] information on emerging practices in the consumer financial products or services industry, including regional trends, concerns, and relevant information."  The Consumer Advisory Board provides the CFPB with irreplaceable input from civil rights organizations and consumer advocates about how different consumer financial products and markets affect American consumers, especially those in low-income communities and communities of color.

7.     The Consumer Advisory Board is a two-way conduit of information between the general public and the Bureau.  Its existence is both required by law and provides a critical mechanism for the CFPB to obtain vital information from experts representing the consumers the CFPB was created to protect.  The input and participation of a properly constituted Consumer Advisory Board is essential to informing the CFPB's ongoing rulemaking, regulatory, and litigation activities.   The public has both a need and a right to know why the entire Board was disbanded and thereby rendered unable to fulfill its statutorily-mandated functions.

8.     The CFPB responded to three of the Lawyers' Committee's FOIA requests, but did not respond to the Payday Data FOIA Request.  *See* Exs. 2, 9, 16.  As discussed in detail below, the three responses were inadequate, and the Lawyers' Committee therefore administratively appealed each response.  *See* Exs. 4, 11, 17  The CFPB granted each appeal either in full or in part, but it since has taken no further action and produced no additional documents in the months that have followed the grant of the appeals.  *See* Exs. 5, 12, 18.  To date, the CFPB still has not responded to the Payday Data FOIA Request.

9.     The purpose of the FOIA requests submitted by the Lawyers' Committee is to further the public interest by surfacing records of government agency activity related to an issue of genuine public concern: namely whether the CFPB was failing to appropriately protect marginalized communities, including communities of color, from predatory and discriminatory lending practices, and to determine the reasons for former Acting Director Mulvaney's abrupt relocation of the OFLEO and summary dismissal of the entire Consumer Advisory Board.  If the Lawyers' Committee obtains relevant records relating to these issues in response to its FOIA requests, it intends to publish them so that the public has the benefit of that information.  As a

nonprofit civil rights organization, the Lawyers' Committee has no financial interest in these records.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

11.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

12.     Because Defendant has issued final determinations of appeal under FOIA for three of the FOIA requests described in more detail below, and failed to respond to the fourth request within the statutory deadline, the Lawyers' Committee has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(ii).  The Lawyers' Committee is now entitled to judicial action enjoining Defendant from continuing to withhold agency records and ordering Defendants to fulfill their statutory obligation to appropriately respond to these FOIA requests, including the production of responsive agency records improperly withheld under 5 U.S.C. § 552(a)(4)(B).  The Lawyers' Committee is also entitled to a fee waiver and attorneys' fees and costs under U.S.C. § 552(a)(4)(A)(iii).

## PARTIES

13.     Plaintiff Lawyers' Committee is a non-profit, nonpartisan organization formed in 1963 at the request of President John F. Kennedy to enlist the private bar's resources in combatting racial discrimination and the resulting inequality of opportunity.  The Lawyers' Committee's principal mission is to secure equal justice for all through the rule of law, targeting in particular the inequities confronting African Americans and other racial and ethnic minorities. The Lawyers' Committee's Economic Justice Project engages in impact litigation and legal

advocacy to ensure that communities of color can access opportunities and meaningfully engage in the economy free from discrimination.

14.     Defendant Consumer Financial Protection Bureau ("CFPB") is a department of the executive branch of the United States Government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).  The CFPB has possession, custody, and control of the records that the Lawyers' Committee seeks.

## STATEMENT OF FACTS

*The Lawyers' Committee's Request to the CFPB regarding the OFLEO*

15.     On May 9, 2018, the Lawyers' Committee submitted a FOIA request to the CFPB, seeking various records relating to the basis for former Acting Director Mulvaney's decision to reorganize the OFLEO and to move it into the Office of the Director.  The Lawyers' Committee is particularly concerned with whether the reorganization was motivated, in whole or in part, by financial industry lobbyists' and representatives' efforts to undermine the OFLEO's historically robust enforcement.  Specifically, the Lawyers' Committee sought "all communications, calendar entries, final drafts of memoranda, final drafts of statements, final drafts of documents, final drafts of reports, and/or other records" related to CFPB's decision to move the OFLEO into the Office of the Director.  The Lawyers' Committee also sought communications between various payday lending and financial industry lobbyists and relevant calendar entries, in particular records containing the terms "Community Financial Services Association of America," "CFSA," and "CFSAA."  A true and correct copy of the FOIA Request is attached as Exhibit 1.

16.     On May 10, 2018, the CFPB acknowledged the receipt of the FOIA Request, assigned it identification number #CFPB-2018-538-F, and placed it in the "all other" requestor

category.  On June 8, 2018, the CFPB informed the Lawyers' Committee that it had estimated the search would yield approximately 2.3 gigabytes (2300 megabytes) of information.

17.     On September 28, 2018, the CFPB issued its final response to the May 9 FOIA Request, and produced some 18.1 megabytes of responsive material, a total of 354 pages, with 352 pages produced in full and 2 pages produced in part but redacted purportedly pursuant to FOIA Exemption 6.  A copy of that final determination is attached as Exhibit 2.

18.     In an October 4, 2018 email exchange between David Brody of the Lawyers' Committee and Ryan McDonald of the CFPB, Mr. McDonald indicated that the only search conducted was of "Bureau email accounts" and only for the terms "Community Financial Services Association of America", "CFSA", "CFSAA", "Fair Lending" within five words of "Move" and "OFLEO" within 5 words of move.  A copy of that exchange is attached as Exhibit 3.

19.     On December 20, 2018, the Lawyers' Committee appealed the final determination of the CFPB regarding its May 9 request.  The Lawyers' Committee objected to the sufficiency of the CFPB's search and production as clearly unreasonable on the basis that it resulted in *less than 1%* of the file volume initially identified as "potentially responsive" and indicated that the CFPB did not inquire about or search of any personal devices or accounts of CFPB employees, contrary to the requirements of FOIA.  A copy of the Lawyers' Committee's Appeal is attached as Exhibit 4.

20.     On January 23, 2019 the CFPB issued its final determination of appeal, granting the Lawyers' Committee's December 2018 appeal.  The CFPB concluded that, while none of the Lawyers' Committee's objections were "sufficient to show that the search was inadequate," the record demonstrated that the "search was insufficient."  The CFPB concluded that the search

terms used to identify potentially relevant materials were too narrow, and that the CFPB may have failed to search the records of some relevant custodians.  As a result, the Lawyers' Committee's request was remanded back to the CFPB FOIA Office for a more thorough search. A copy of the Final Determination of Appeal is attached as Exhibit 5.

21.     On February 12, 2019, the Lawyers' Committee received a letter from the CFPB stating that, in accordance with the January 23 remand, the Lawyers' Committee's request had been assigned a new FOIA Request Number, CFPB-2019-208-F.  A copy of that communication is included as Exhibit 6.

22.     On April 1, 2019 the Lawyers' Committee sent a follow-up letter to the CFPB regarding the status of the appeal, noting that more than 30 calendar work days had passed since the last communication from the CFPB, with no follow-up or further production of documents from the CFPB.  A copy of the Lawyers' Committee's letter is included as Exhibit 7.

23.     As of the date of this Complaint, the CFPB still has failed to produce additional responsive materials in response Request No. 2018-CFPB-538-F and the appellate determination regarding that Request.

*The Lawyers' Committee's Request to the CFPB regarding the Payday Loan Rule*

24.     On May 14, 2018 the Lawyers' Committee submitted a FOIA request to the CFPB seeking communications between former Acting Director Mulvaney and various payday and auto title lenders regarding the proposed repeal of the Payday Loan Rule.  The Lawyers' Committee's request sought to uncover the extent to which financial industry lobbyists and representatives had been meeting or otherwise communicating with former Acting Director Mulvaney's office to undermine the enforcement and implementation of the Payday Lending Rule.  The Lawyers' Committee specifically requested that the CFPB produce "communications

or calendar entries, including invitations, involving CFPB Director Mick Mulvaney, his chief of staff, or their direct reports" and various companies in the payday lending and financial industries, as well as those companies' lobbyists and representatives, beginning November 24, 2017. The Lawyers' Committee also requested "records describing the processing" of the FOIA request, including search terms, custodians, and tracking sheets used. A true and correct copy of the FOIA Request is attached as Exhibit 8. On May 15, 2018, the CFPB acknowledged the Lawyers' Committee's FOIA request and assigned it identification number CFPB-2018-547-F.

25.     On August 27, 2018, the CFPB issued its Final Response to the May 14 FOIA request CFPB-2018-547-F. The CFPB indicated that it searched the Office of Research, Markets and Regulations and produced a total of 44 pages of documents in response to the Lawyers' Committee's request, 26 of which were produced in part and 18 of which were withheld in full purportedly pursuant to FOIA Exemption 8. The 26 pages produced consisted primarily of automatically generated advertisements for a financial industry conference and did not include a single responsive communication from Acting Director Mulvaney or anyone in the Office of the Director. The CFPB did not include any summary of searches conducted to identify responsive documents, any identification of terms used or custodians or files searched, or any indication of how or why the pages withheld pursuant to Exemption 8 were designated as exempt beyond the conclusory statement of the exemption's applicability. A copy of the Final Response is attached as Exhibit 9.

26.     On September 11, 2018, the Lawyers' Committee inquired regarding whether the CFPB had asked any custodians whether personal devices or accounts were used for matters related to Request CFPB-2018-547-F, and on September 12, 2018 the CFPB informed the

Lawyers' Committee that Bureau employees had not been asked if they used personal devices. A copy of that exchange is attached as Exhibit 10.

27.     On November 21, 2018, the Lawyers' Committee appealed the CFPB's final determination of its May 14, 2018 Request, No. CFPB-2018-547-F, on the basis that the complete lack of information provided by the CFPB regarding its searches in response to the FOIA request demonstrated their unreasonableness in the face of the agency's obligations under FOIA. The Lawyers' Committee's appeal requested that the CFPB both produce the documents it erroneously withheld under Exemption 8 and conduct an adequate search for documents responsive to the FOIA request, whether those documents were held on government or personal devices or accounts. A copy of the Lawyers' Committee's Appeal is attached as Exhibit 11.

28.     On December 21, 2018, the CFPB issued a Final Appellate Determination granting the Lawyers' Committee's Appeal in part and denying it in part. The CFPB determined that "based on the record available" it was "unable to conclude that the search was adequate" and remanded the request to the FOIA Office so that it could "better document its search or conduct additional searches, as needed." A copy of the CFPB's Final Appellate Determination is attached as Exhibit 12.

29.     On December 17, 2018, the Lawyers' Committee received a letter from the CFPB stating that, in accordance with the December 21 remand, the Lawyers' Committee's request had been assigned a new FOIA Request Number, CFPB-2019-0166-F. A copy of that communication is included as Exhibit 13.

30.     On April 1, 2019 the Lawyers' Committee sent a follow-up letter to the CFPB regarding the status of the appeal, noting that more than 60 calendar work days had passed since

the last communication from the CFPB, with no follow-up or further production of documents

from the CFPB.  A copy of the Lawyers' Committee's letter is included as Exhibit 14.

31.     As of the date of this Complaint, the CFPB still has failed to produce additional

responsive documents in response Request No. 2018-CFPB-547-F and the appellate

determination regarding that Request.

*The Lawyers' Committee's Request to CFPB regarding the Consumer Advisory Board ("CAB")*

32.     On June 8, 2018 the Lawyers' Committee submitted a FOIA request to the CFPB

seeking records concerning former Acting Director Mulvaney's summary dismissal of all

25 members of the CAB.  The Lawyers' Committee was and remains concerned that the sudden

and unexplained dismissal of the entire Board impacted its ability to fulfill its statutorily

mandated obligations.  The Lawyers' Committee's request asked the CFPB to produce

communications and calendar entries involving former Acting Director Mulvaney and other

CFPB staff in the Office of the Director that would explain the CAB's dismissal, as well as any

amended versions of the CAB's charter or any new charters created after February 22, 2017.  A

true and correct copy of the FOIA Request is attached as Exhibit 15.  On June 11, 2018, the

CFPB acknowledged the Lawyers' Committee's FOIA request and assigned it identification

number CFPB-2018-600-F.

33.     On June 28, 2018 the Lawyers' Committee spoke with the CFPB FOIA Officer

assigned to the request, who indicated that the FOIA Office had identified "thousands" of

potentially responsive documents as well as the calendar entries and inboxes from the Advisory

Board members, as well as fourteen relevant email addresses against which to run search terms

to identify potentially relevant materials.  The FOIA Officer stated that she had run searches for

"advisory board" and "advisory board" within five words of "cancel."

34.     On August 22, 2018, the CFPB issued its Final Response to the June 9 FOIA

request.  The CFPB produced 1,892 pages in response to the Lawyers' Committee's Request,

and two audio recordings, with portions of more than 120 pages of the responsive documents

withheld purportedly under FOIA Exemptions 5 and 6.  Fewer than 10 pages of the documents

produced were from former Acting Director Mulvaney's email account, and those consisted only

of meeting invitations and did not include a single communication.  The CFPB indicated that it

had conducted "a search of our Office of External Affairs," and did not include any summary of

searches conducted to identify responsive documents, any identification of search terms used or

custodians or files searched, or any indication of how or why the pages withheld pursuant to

Exemptions 5 and 6 were designated as beyond the conclusory statement of the exemptions'

applicability.  The CFPB's Final Response to Request No. CFPB-2018-600-F did not include

any indication that it asked about or examined personal devices or accounts, or that it had

searched paper files or calendars.  A copy of the Final Response is attached as Exhibit 16.

35.     On November 20, 2018, the Lawyers' Committee appealed the Final

Determination of the CFPB regarding the June 8 request No. CFPB-2018-600-F, on the basis that

its search parameters were arbitrary and overly narrow, and thus unreasonable in violation of its

FOIA obligations, and that the agency would be unable to sustain its burden of demonstrating

that the withheld information was properly subject to Exemptions 5 and 6.  The Lawyers'

Committee's appeal requested that the CFPB produce the responsive documents previously

withheld in error, and run additional reasonable searches reasonably calculated to uncover all

potentially relevant materials on both government and personal accounts and devices.  A copy of

the Lawyers' Committee's Appeal is attached as Exhibit 17.

36.     On December 20, 2018, the CFPB issued a Final Appellate Determination granting the Lawyers' Committee's November 20 appeal and remanding it to the FOIA Office. The CFPB determined "the record demonstrates that the search was insufficient" in its decision to remand to the FOIA Office because "the search terms it used were too limited."  The Final Appellate Determination indicated that the FOIA Office would "conduct a more expansive search that is reasonably calculated to uncover all responsive documents."  The CFPB additionally found that "while some of the redactions were proper, others were not" and indicated that the FOIA Office would be instructed to remove the improper redactions.  A copy of the CFPB's Final Appellate Determination is attached as Exhibit 18.

37.     Following the CFPB's Final Appellate Determination, the Lawyers' Committee has received no further information regarding its FOIA Request related to the dissolution of the CAB.

38.     On April 1, 2019 the Lawyers' Committee sent a follow-up letter to the CFPB regarding the status of the appeal, noting that more than 67 calendar work days had passed since the last communication from the CFPB, with no follow-up or further production of documents from the CFPB.  A copy of the Lawyers' Committee's letter is included as Exhibit 19. As of the date of this Complaint, the CFPB still has failed to produce additional responsive documents in response to Request No. 2018-CFPB-600-F and the appellate determination regarding that Request.

*The Lawyers' Committee's Request to CFPB for Data Related to Predatory Lending*

39.     On October 10, 2018, the Lawyers' Committee submitted a FOIA request to the CFPB seeking information related to CFPB's determination to roll back the Payday Loan Rule and its predicted impacts on consumers.  Specifically, the FOIA request sought memoranda,

reports, and analyses related to payday lending and its effects in urban, suburban, and rural areas; visual representations of locations and concentrations of payday lenders; and memoranda, reports, and analyses related to the advertisement of payday loans for the period between January 1, 2013 and the present.  A true and correct copy of the FOIA request is attached as Exhibit 20.

40.     On October 18, 2018, the CFPB sent an acknowledgement letter to the Lawyers' Committee's October 10 FOIA request, which informs the Lawyers' Committee that the CFPB received the October 10, 2018 FOIA request and assigned it tracking number BCFP-2019-0023-F.  A true and correct copy of the acknowledgement letter is attached as Exhibit 21.

41.     As of the date of this Complaint, Defendant CFPB has failed to (a) notify the Lawyers' Committee of a final determination regarding its FOIA requests, including the full scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.  CFPB also has not responded to the Lawyers' Committee's waiver request.

42.     Through CFPB's failure to respond to the Lawyers' Committee's FOIA request within the time period required by law, the Lawyers' Committee has constructively exhausted its administrative remedies and seeks immediate judicial review.  *See* 5 U.S.C. § 552(a)(6)(C).

*Fee Waiver Requests*

43.     In each of its four FOIA requests, the Lawyers' Committee included a fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) because the Lawyers' Committee is not seeking the records for any commercial purpose and disclosure is likely to contribute significantly to the

public understanding of the operations and activities of payday lending companies and the government.

44.     The Lawyers' Committee plans to use the records obtained from the CFPB, and its analysis of those records, to educate the public through reports, press releases, and other media.  It also plans to make the materials available on their public website and promote their availability through social media platforms.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

45.     The Lawyers' Committee repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

46.     The Lawyers' Committee properly requested records within the possession, custody, and control of Defendant in FOIA Request Nos. CFPB-2018-538-F, CFPB-2018-547-F, and CFPB-2018-600-F.

47.     Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records pursuant to 5 U.S.C. §552(a)(3).

48.     The CFPB violated 5 U.S.C. §552(a)(3) by failing to conduct a reasonable and adequate search for and produce records sought in the FOIA requests submitted by the Lawyers' Committee.

49.     The Lawyers' Committee has exhausted its administrative remedies pursuant to FOIA.

50.     Plaintiff Lawyers' Committee is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for and produce records responsive to the Lawyers' Committee's FOIA request.

## COUNT II

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

51.     The Lawyers' Committee repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

52.     The Lawyers' Committee properly requested records within the possession, custody, and control of Defendant in FOIA Request Nos. CFPB-2018-538-F, CFPB-2018-547-F, and CFPB-2018-600-F.

53.     Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records pursuant to 5 U.S.C. §552(a)(3).

54.     The CFPB is wrongfully withholding non-exempt agency records requested by the Lawyers' Committee by failing to produce non-exempt records responsive to its FOIA Request Nos. CFPB-2018-538-F, CFPB-2018-547-F, and CFPB-2018-600-F.

55.     Defendant's failure to provide all non-exempt responsive records violates FOIA.

56.     The Lawyers' Committee has exhausted its administrative remedies pursuant to FOIA.

57.     Plaintiff Lawyers' Committee is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for and produce records responsive to the Lawyers' Committee's FOIA request.

## COUNT III

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records, and to Respond and Produce Responsive Documents**

58.     The Lawyers' Committee repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

16

59. The Lawyers' Committee properly requested records within the possession, custody, and control of Defendant.

60. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.  5 U.S.C. § 552(a)(3).

61. CFPB violated FOIA by failing to reasonably search for and produce records sought in FOIA Request No. BCFP-2019-0023-F.

62. CFPB violated FOIA by failing to timely respond to FOIA Request No. BCFP-2019-0023-F submitted by the Lawyers' Committee.

63. Defendant is wrongfully withholding non-exempt agency records requested by the Lawyers' Committee by failing to produce non-exempt records and segregable portions of otherwise exempt records responsive to its FOIA request, and by failing to justify any withholdings.

64. Plaintiff Lawyers' Committee is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for and produce records responsive to the Lawyers' Committee's FOIA Request No. BCFP-2019-0023-F.

## COUNT IV

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Public Interest Fee Waiver**

65. The Lawyers' Committee repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

66. The Lawyers' Committee submitted the four FOIA requests described above with requests that CFPB waive all associated fees because the requests were not made for a commercial purpose and disclosure of the records sought would contribute significantly to public understanding of the operations and activities of the government.

67.     The Lawyers' Committee provided factual information supporting its fee waiver requests.

68.     The Lawyers' Committee is entitled to a fee waiver on each of its requests pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and the regulations promulgated thereunder.

## REQUESTED RELIEF

WHEREFORE, the Lawyers' Committee respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to the Lawyers' Committee's FOIA Request Nos. CFPB-2018-538-F, CFPB-2018-547-F, CFPB-2018-600-F, and BCFP-2019-0023-F;

(2) Order Defendant to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Lawyers' Committee's FOIA Request Nos. CFPB-2018-538-F, CFPB-2018-547-F, CFPB-2018-600-F, and BCFP-2019-0023-F and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the Lawyers' Committee's FOIA Request Nos. CFPB-2018-538-F, CFPB-2018-547-F, CFPB-2018-600-F, and BCFP-2019-0023-F;

(4) Declare that the Lawyers' Committee is entitled to a fee waiver on these four FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii);

(5) Award the Lawyers' Committee the costs of this proceeding, including litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant the Lawyers' Committee such other relief as the Court deems just and proper.

Dated: July 2, 2019                              Respectfully Submitted,


                                                 */s/ John E. McCarthy Jr.*
                                                 John E. McCarthy Jr. (Bar No. 430035)
                                                 Martin J. Mackowski (Bar No. 1045188)
                                                 Lyndsay A. Gorton (Bar No. 981959)
                                                 CROWELL & MORING LLP
                                                 1001 Pennsylvania Ave NW
                                                 Washington, DC 20004
                                                 (t) (202) 624-2500
                                                 (f) (202) 628-5116
                                                 JMcCarthy@Crowell.com
                                                 MMackowski@Crowell.com
                                                 LGorton@Crowell.com

                                                 *Counsel for the Lawyers' Committee for Civil*
                                                 *Rights Under Law*


                                                 Dariely Rodriguez (D.C. Bar application
                                                 pending)
                                                 David Brody (Bar No. 1021476)
                                                 LAWYERS' COMMITTEE FOR CIVIL
                                                 RIGHTS UNDER LAW
                                                 1500 K St. NW, Suite 900
                                                 Washington, DC 20005
                                                 (202) 662-8300
                                                 www.lawyerscommittee.org
                                                 drodriguez@lawyerscommittee.org
                                                 dbrody@lawyerscommittee.org